IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Cori Alexandra Scherer; and** | ) | |
| **All Others Similarly Situated** | ) | Civil Action |
| **Plaintiffs,** | ) | File No. 4:21-cv- |
| | ) | |
| v. | ) | |
| | ) | Jury Demanded |
| **BOK Financial Corporation, and** | ) | |
| **BOKF, N.A. d/b/a Bank of Texas** | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFF'S ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFFS, Cori Alexandra Scherer ("Ms. Scherer" or "Plaintiff"), and all others similarly situated, and complain of Defendants BOK Financial Corporation and BOKF, N.A. d/b/a Bank of Texas ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Cori Alexandra Scherer and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime wages from the Defendants. Plaintiff sues additionally for commissions earned during the last month of her employment under the parties' contract.

2. Defendant BOKF, N.A. is a national banking association doing business in the state of Texas as "Bank of Texas". BOKF, N.A. is a wholly owned subsidiary of Defendant BOK Financial Corporation.

3. In violation of Section 207(a) of the FLSA, the Defendants failed to pay Ms. Scherer and Members of the Plaintiff Class overtime wages. Ms. Scherer and Members of the

Plaintiff Class routinely worked in excess of 40 hours a week, and were required to work off-the-clock hours on a weekly basis for which they received no regular or overtime pay.  Further, for the few recorded overtime hours that were paid, the Defendants calculated and paid overtime wages at the incorrect rate because the base rate did not include all remuneration required to be included pursuant to 29 U.S.C. § 207(e). Defendants have a uniform company-wide policy of not paying overtime wages (or paying some overtime wages at a base rate lower than what the FLSA requires).

4. This collective action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime (and straight-time) wages to Ms. Scherer and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

7. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Cori Alexandra Scherer**, is a resident of Harris County, Texas.  Plaintiff was an employee who worked for the Defendants as a Mortgage Loan Officer, and her duties were those of a typical mortgage loan officer employed by the Defendants.

9. **Members of the "Plaintiff Class"** are current and former similarly situated non-exempt employees of Defendants whose duties were those of a typical mortgage loan officer employed by the Defendants.

10. Defendant, **BOK Financial Corporation,** is an Oklahoma corporation. The Defendant may be served with summons and complaint by serving its registered agent, Frederic

Dorwart, at 124 East Fourth Street, Tulsa, Oklahoma 74103. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class.  Further, this Defendant is engaged in business in the State of Texas.

11. Defendant, **BOKF, N.A. d/b/a Bank of Texas,** is an Oklahoma corporation and a national banking association. The Defendant may be served with summons and complaint by serving its registered agent, Frederic Dorwart, at 124 East Fourth Street, Tulsa, Oklahoma 74103. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class.  Further, this Defendant is engaged in business in the State of Texas.

12. Whenever this complaint alleges that Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

13. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of judgment.

14. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

15. At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

16. At all material times, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

17. The Defendants are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

18. At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

20. At all material times, Plaintiff and each Member of the Plaintiff Class was an employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

## V.
### COLLECTIVE ACTION ALLEGATIONS

21. Ms. Scherer will seek certification under 29 U.S.C. § 216(b), asking the Court to certify a class of similarly situated individuals whose duties, like Plaintiff, were those of a mortgage loan officer employed by Defendants during the class period. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations (including job titles) between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

22. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two

determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

23. As such, class certification is appropriate for all individuals whose duties were those of a typical mortgage loan officer employed by the Defendants during the relevant period. Plaintiff seeks notice to issue to all such similarly situated employees of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

24. Plaintiff was required to work off-the-clock overtime hours for which she received no straight-time or overtime pay. Plaintiff further did not receive overtime wages at the proper hourly rate for the overtime hours she was allowed to record, which was a small fraction of all overtime hours she worked. The Defendants did not allow the vast majority of overtime hours Mr. Scherer worked to be recorded.

25. Defendants' violations of the FLSA are wide-spread because of the wide-spread illegal policies and practices enabling the Defendants to avoid proper payment of overtime wages. *See* 29 U.S.C. §§ 207(a)(1) and 207(e).

26. By failing to document the overtime pay owed to Plaintiff and to Members of the Plaintiff Class, the Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

27. The common policy of non-payment of overtime wages to all of Defendants' mortgage loan officers is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

28. Members of the Plaintiff Class (including Ms. Scherer) have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

29. Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime, unpaid straight-time, and overtime wages paid at incorrect rates; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

30. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

31. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied overtime / straight-time compensation for hours worked in excess of 40 in one or more workweek (or to whom the Defendants paid overtime wages at the incorrect hourly rate), are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

32. All current and former non-exempt employees employed by business establishments that the Defendants owned / controlled, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

33. Thus, the class Ms. Scherer seeks to represent pursuant to 29 U.S.C. § 216(b) is comprised of <u>all individuals (a) who received overtime pay at an incorrect hourly rate during any workweek falling within the class period, and/or who were not paid wages for off-the-clock work during any workweek falling within the class period, and (b) who worked or currently work for one or both Defendants as a Mortgage Loan Officer or who performed duties of a typical mortgage loan officer employed by the Defendants</u>.

34. Each individual who opts into the collective action will be added to this litigation, and his or her notice of consent to join this collective action will be filed with the Court.

## VI.
### FACTS

***The FLSA overtime claims:***

35. Defendants employed Ms. Scherer to perform, and she in fact performed, the duties of a typical mortgage loan officer employed by the Defendants.

36. Ms. Scherer began her employment with the Defendants in this capacity beginning on March 18, 2019, and ending on January 4, 2021.

37. During her employment, Ms. Scherer worked overtime on a weekly basis.

38. Although Ms. Scherer worked a significant number of overtime hours during each workweek of her employment, with the exception of a small fraction of these hours, the Defendants did not allow her to record these hours. Defendants knew that Ms. Scherer was working a significant number of overtime hours during each workweek of her employment, which is evidenced in electronic communications between Ms. Scherer and her employer. Although the Defendants welcomed Ms. Scherer's hard work and dedication that required a significant amount of overtime, they did not pay her for all of her hours worked.

39. Further, for the few hours Ms. Scherer was allowed to report as overtime hours, the Defendants failed to pay for those overtime hours at the proper hourly rate. The Defendants excluded a material amount of remuneration that was required to be included in the calculus of her base hourly rate pursuant to 29 U.S.C. § 207(e).

40. At the time Ms. Scherer was hired, Defendants informed her that she was eligible to receive overtime, and indeed she received some overtime as discussed above.

41. Plaintiff now sues for (a) the unpaid straight-time and overtime wages the Defendants owe for her off-the-clock hours worked, and (b) for the unpaid overtime that resulted from Defendants' incorrect overtime calculation in violation of 29 U.S.C. § 207(e).

42. Similarly, Ms. Scherer sues on behalf of all Members of the Plaintiff Class for (a) the unpaid straight-time and overtime wages the Defendants owe them for off-the-clock hours worked, and (b) for the unpaid overtime that resulted from Defendants' incorrect overtime calculation in violation of 29 U.S.C. § 207(e).

### *The unpaid commissions claim:*

43. Prior to leaving Defendants' employment on January 4, 2021, Ms. Scherer originated four (4) loan refinancings (Kassas/Braes Valley; Kassas/Conners Ace; Lowe; Wells) in the aggregate amount of $1,114,478 (the "Refinancings").

44. Prior to her departure, Ms. Scherer completed all necessary work on the Refinancings (which was substantial), in order for them to close subject to processing by the Defendants.

45. The Refinancings closed after Ms. Scherer left her employment with the Defendants.

46. But for Defendants' negligence in timely processing the Refinancings, the Refinancings would have closed during Plaintiff's term of employment, prior to January 5, 2021.

47. Defendants refuse to pay Plaintiff her customary commission of 65 basis points on the Refinancings despite the fact that, at Defendants' request, Plaintiff provided assistance to Defendants in closing the Refinancings after she was no longer employed by the Defendants.

48. Plaintiff is entitled to receive $7,244.00 in commissions earned on the Refinancings pursuant to the parties' agreed upon terms.

49. By refusing to pay Ms. Scherer her commissions, Defendants unjustly enrich themselves at Plaintiff's expense; convert wages belonging to Plaintiff for an illegitimate gain; refuse to pay Ms. Scherer for the reasonable value of her services rendered on the Refinancings; and stand in breach of the parties' agreement and past dealings.

## VII.
### CAUSES OF ACTION AND DAMAGES SOUGHT

### *Count 1 – Violation of the FLSA –*
### *Failure to pay overtime wages to Ms. Scherer and to all others similarly situated*

50. In violation of 29 U.S.C. § 207(a), the Defendants have engaged in a wide-spread practice of requiring their mortgage loan officers to work off-the-clock hours without pay.

51. Further, in violation of 29 U.S.C. § 207(e), Defendants uniformly fail to pay their mortgage loan officers overtime at the proper hourly rate by excluding remuneration required to be included in the base hourly rate pursuant to 29 U.S.C. § 207(e).

52. Plaintiff and Members of the Plaintiff Class are non-exempt employees – that is, under the FLSA, these individuals are entitled to receive overtime wages for all hours they have worked in excess of 40 during each seven-day workweek.

53. Defendants do not dispute that Plaintiff and Members of the Plaintiff Class are non-exempt employees under the FLSA.

54. During their employment with the Defendants, Plaintiff and Members of the Plaintiff Class worked overtime hours on a weekly basis, and Defendants were aware that these individuals worked overtime.

55. Defendants informed Plaintiff and Members of the Plaintiff Class that very little or no overtime would be paid despite being required to work overtime hours on a weekly basis.

56. Plaintiff and Members of the Plaintiff Class received almost no overtime wages as a direct result of Defendants' uniform and wide-spread policy of requiring off-the-clock with no compensation.  And, the minimal overtime wages that they *did* receive was paid to them at the incorrect hourly rate.

57. Because Defendants have a wide-spread policy and practice of not paying employees' overtime, Defendants and the businesses they controlled committed repeated and

willful violations of 29 U.S.C. § 201, *et seq*.

58. As such, Plaintiff and Members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of judgment.

59. Plaintiff and Members of the Plaintiff Class also seek an amount of liquidated damages equaling the unpaid overtime wages awarded.

60. Further, Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

61. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

### *Count 2 – Breach of Contract*

62. In addition to her base pay, Defendants promised Plaintiff a mandatory loan closing commission as previously discussed.

63. During the course of her employment, Plaintiff routinely received such additional commissions on a monthly basis.

64. However, for the month of January 2021, Defendants have failed to pay Ms. Scherer her commissions .

65. Defendants have a contractual duty to pay Ms. Scherer the commissions she earned during January 2021, and by failing to pay her, Defendants have breached their contractual obligation to Plaintiff.

66. As a result of Defendants' breach, Ms. Scherer suffered damages and is now entitled to recover all unpaid commissions and an additional equal amount in liquidated damages.

### *Count 3 – Conversion*

67. By failing to pay the commissions owed to Ms. Scherer, Defendants have unlawfully converted these sums owed to Ms. Scherer for their own use at Plaintiff's detriment.

68. As a result of Defendants' unlawful conversion, Ms. Scherer has suffered monetary damages she is now entitled to recover, with an additional equal amount in liquidated damages.

### *Count 4 – Quantum Meruit*

69. By failing to pay the commissions owed to Ms. Scherer, Defendants have denied her the reasonable value of services she performed, for which she now sues, along with an additional equal amount in liquidated damages.

## VIII.
## JURY DEMAND

70. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
## PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Cori Alexandra Scherer and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief against Defendants BOK Financial Corporation and BOKF, N.A. d/b/a Bank of Texas, jointly and severally, as follows:

    a. Authorize issuance of notice to all of Defendants' similarly situated employees who were employed during the relevant three-year lookback period, informing them of their right to participate in this collective action lawsuit;

    b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime and straight-time wages for each individual's uncompensated off-the-clock work;

    c. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages at the proper hourly rate in accordance with 29 U.S.C. § 207(e);

d. Declare the Defendants' violations of the FLSA are willful;

e. Declare the Defendants breached the parties' contract by failing to pay Ms. Scherer all commissions owed to her;

f. Declare the Defendants have denied Ms. Scherer the reasonable value of services she performed in relation to the Refinancings and the resulting commissions that remain unpaid;

g. Order the Defendants to pay all overtime wages and liquidated damages owed to Plaintiff and to Members of the Plaintiff Class;

h. Order the Defendants to pay all commissions and liquidated damages owed to Ms. Scherer;

i. Order Defendants to pay reasonable attorney's fees and all costs of the action pursuant to 29 U.S.C. § 216(b);

j. Order Defendants to pay post-judgment interest at the highest lawful rate that will accrue on all damage amounts, including attorney fees, assessed against the Defendants; and,

k. Order all further relief, whether legal, equitable or injunctive, that may be necessary to effectuate full relief to Plaintiff and to Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

Attorney for:
Plaintiff Cori Alexandra Scherer, and
Members of the Plaintiff Class