Case 4:21-cv-00449   Document 63   Filed on 01/06/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Cori Alexander Scherer, § § Plaintiffs, § VS. § § BOK Financial Corporation, and BOKF, N.A. § d/b/a Bank of Texas, § § Defendants. § § | CIVIL ACTION NO. 4:21-CV-00449 |

### ORDER

Before this Court is Defendants BOK Financial Corporation ("BOK") and BOKF, N.A. d/b/a Bank of Texas' ("BOKF") (collectively the "Defendants") Motion for Summary Judgment. (Doc. No. 27). The Plaintiff Cori Alexandra Scherer's ("Plaintiff" or "Scherer") responded in opposition (Doc. No. 40), and the Defendants filed a reply. (Doc. No. 44). After considering the law and the motions. The Court **DENIES** Defendants' Motion. (Doc. No. 27).

### I. Background

This is a Fair Labor Standards Act ("FLSA") case in which Plaintiff claims she is owed money for unpaid overtime wages. During Plaintiff's employment, Plaintiff alleges that she worked significant overtime hours each week and that, with the exception of a small fraction of these hours, the Defendants "did not allow her" to record her overtime hours. (Doc. No. 9 at 9). As a result, she claims she was never paid for all of the overtime hours she worked but was not allowed to record. Additionally, Plaintiff initially contended that she was not paid commission on four loans she originated.

Plaintiff filed suit to recover the alleged unpaid and unreported overtime hours as well as the unpaid commissions. Defendants denied these allegations and filed a Motion for Summary Judgment on all of Plaintiff's claims. (Doc. No. 27). Plaintiff contests the Motion.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

2

## III. Analysis

Defendants move for summary judgment on each of Plaintiff's claims: (1) the collective action allegations, (2) the FLSA off-the-clock overtime hours claim, (3) the claim that Defendants miscalculated previously paid overtime hours, and (4) the breach of contract and quantum meruit claims, which concern Plaintiff's alleged unpaid commission. The Court will address each of Defendants' arguments.

### A. Class Claims

Plaintiff's Amended Complaint contains collective action allegations, and in accordance with those allegations Plaintiff filed a motion for class certification. (Doc. No. 21). Defendants opposed the motion. (Doc. No. 22). Before the Court was able to hold a hearing on Plaintiff's motion for class certification, Defendants filed this Motion for Summary Judgment. As a part of this Motion, they moved for summary judgment on the collective class issue, arguing summary judgment is proper since "(i) Plaintiff does not know how anyone else was paid; (ii) Plaintiff was the sole mortgage loan officer assistant reporting to Plaintiff's supervisor and has no comparators; and (iii) no consents to join have been filed." (Doc. No. 27 at 2).

After Defendants filed their Motion for Summary Judgment, the Court held a hearing on the Motion for Class Certification. After considering the briefing, the law, and the argument, the Court denied Plaintiff's Motion. (Doc. No. 34). Having already denied Plaintiff's motion for class certification, the Court **DENIES** the Motion for Summary Judgment on this issue as **MOOT**.

### B. Off-the-Clock Overtime Hours

In their Motion for Summary Judgment, the Defendants argue "[t]here are no issues of material fact regarding Plaintiff's allegation that Plaintiff was instructed to work 'off the clock' and/or knowingly suffered to work 'off the clock.'" (Doc No. 27 at 2). Plaintiff responds

explaining, she "worked off-the-clock overtime hours, Defendants' management had actual knowledge if [sic] it, and yet did nothing about it." (Doc. No. 40 at 5).

The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1)."Moreover, the FLSA generally requires employers to pay employees for all hours worked." V*on Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 453 (5th Cir. 2009). To recover under the FLSA, the Plaintiff must show she was employed by Defendants during the periods of time for which she claims unpaid overtime. *See Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995). An employee bringing an FLSA action must also introduce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris County Hosp. Dist.*, 555 Fed.Appx. 372, 374 (5th Cir. 2014).[1]

As mentioned, the Court must determine whether Plaintiff was employed by Defendants during the alleged overtime hours. A plaintiff is "employed" by an employer during overtime hours if the employer "had knowledge, actual or constructive, that [the employee] was working". *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995). "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Id.* That said, if an employee does not notify the employer or deliberately prevents the employer from acquiring knowledge that the employee is working

---

[1] The Court notes there is a dearth of proof as to the amount and extent of overtime work Plaintiff performed, but the Defendants did not move for summary judgment on that particular issue. For that reason, the Court proceeds to examine knowledge – the element the Defendants did move on.

overtime the employer's failure to pay the overtime wages is not a violation of the FLSA. *Id.* at 748. In this particular context, a supervisor's knowledge that an employee is working overtime is sufficient to satisfy the employer knowledge requirement. *See Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825 (5th Cir. 1973) (FLSA case where the court found supervisors who insisted work be completed within certain time limits satisfied the knowledge requirement).

Defendants argue that "there are no issues of material fact regarding Plaintiff's allegation that Plaintiff was instructed to work "off the clock" and/or ***knowingly*** suffered to work "off the clock." (Doc. No. 27 at 2) (emphasis added). Rather, "Plaintiff's supervisory chain instructed Scherer to input hours worked correctly." (Doc. No. 27 at 2). In response, Plaintiff argues "Defendants' management had actual knowledge" of her working off-the-clock overtime hours "yet did nothing about it". (Doc. No. 40 at 5).

In support of her argument, Plaintiff filed two sworn declarations. (*See* Doc. No. 40-2 at 2). In her declaration Plaintiff states, "[d]uring my employment with BOK, my work duties and compensation required me to work overtime hours with the knowledge and consent of BOK. I was discouraged by senior management from reporting my overtime hours and, consequently, I reported very few overtime hours." (Doc. No. 40-2 at 2). Defendants contend the Court should disregard Plaintiff's declaration under the sham affidavit rule. (Doc. No. 44 at 2). Under the sham affidavit rule, "a district court may refuse to consider statements made in an affidavit that are "so markedly inconsistent" with a prior statement as to "constitute an obvious sham." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 472 (5th Cir. 2019) (*citing Clark v. Resistoflex Co., A Div. of Unidynamics Corp.*, 854 F.2d 762, 766 (5th Cir. 1988).

There are two statements in the declaration that Defendants claim are sham allegations: (1) Plaintiff's statement that she was discouraged to report overtime and (2) that BOKF knew about

5

her unreported overtime. Of importance to the claim of sham affidavit is the second allegation—that BOKF knew her overtime was unreported. Plaintiff previously gave a deposition. At that deposition she was explicitly asked "how was BOKF NA supposed to know that you weren't reporting certain hours?" She answered, "I don't know how they would be - - how they were supposed to know." (Doc. No. 28-23 at 204). Yet in her declaration Plaintiff, without explanation or support, claims that "all of my overtime hours, known to BOK yet unreported..." (Doc. 40-3 at 2). Since these statements directly contradict one another, the Court disregards Plaintiff's declaration to the extent it conflicts with her deposition testimony.

The Court, however, must consider other evidence, including Tammy Enloe's ("Enloe") sworn declaration. (Doc. No. 40-3 at 3). Enloe also worked for Defendants as a Sales Manager. Her duties "included supervision of approximately seven (7) loan officers, including Ms. Cori Scherer. (Doc. No. 40-3 at 1).[2] As Enloe explains "it was common practice for BOK's Loan Officers to report no greater than 40 hours a week despite working more hours each week... or management did not want these employees to do so." (Doc. No. 40-3 at 2-3). Enloe's declaration also provides, "[i]n order to be effective at her job and to complete the job duties and tasks BOK expected Ms. Scherer to complete, she consistently worked more than 40 hours a week. This included weekends and evenings." (Doc. No. 40-3 at 2). Considering Defendants' manager (who was also Plaintiff's supervisor) had knowledge that Plaintiff reported no greater than 40 hours a week despite working more hours each week, the Court finds that there is a genuine issue of material fact as to whether Defendants had knowledge that Plaintiff was working overtime that was not recorded. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860 (S.D. Tex. 2014)

---

[2] Enloe refers to Plaintiff as a "loan officer" in her declaration. (Doc. No. 40-3 at 1). She admits, however, Plaintiff's actual title was that of Sales Assistant. While there likely is a difference between the two positions, for purposes of showing knowledge, Enloe's declaration makes sufficient representations to create a genuine issue of material fact as to the element.

(court held that there is a fact issue as to whether the employer was aware she worked overtime hours for which she was not compensated where employer submitted evidence that employee was trained how to record her time, but the employee provided uncontroverted testimony that the company's president told her not to submit more than thirty hours per week).

Thus, the Court **DENIES** Defendants' Motion on the Off-the-Clock overtime hours issue.

## C. Correct Calculations for Overtime Hours Already Paid

The Defendants next contend that Plaintiff's "allegations of systemic (formulaic) failure to pay overtime on commissions are demonstrably false." (Doc. No. 27 at 2). Plaintiff, on the other hand, argues Defendants "utilized the incorrect hourly overtime rate." (Doc. No. 40 at 11).

Both parties agree that 29 C.F.R. § 778.120 controls the applicable hourly overtime rate in this case. (Doc. Nos. 40 at 11, Doc. No. 44 at 17). As Defendants state in their motion, BOKF calculated overtime on commissions with the following formula: "Total Commission Per Month / Hours Worked Per month * Overtime Hours Per Month * 0.5." (Doc. No. 27 at 10). The relevant federal regulation, however, provides a different calculation: "For a commission computation period of a specific number of workweeks, such as every 4 weeks (as distinguished from every month) divide the total amount of commission by the number of weeks for which it represents additional compensation to get the amount of commission allocable to each week." 29 C.F.R. § 778.120. "Once the amount of commission allocable to a workweek has been ascertained for each week in which overtime was worked, the commission for that week is divided by the total number of hours worked in that week, to get the increase in the hourly rate. Additional overtime due is computed by multiplying one-half of this figure by the number of overtime hours worked in the week." *Id.*

7

The two equations are not the same. Thus, a genuine issue of material fact exists as to whether the Defendants paid the Plaintiff the proper hourly rate for the previously paid overtime. The Court therefore **DENIES** Defendant's Motion for Summary Judgment on Plaintiff's claim that BOKF did not properly calculate and pay previous overtime wages.

### D. Commission on the Four Loans

In addition to her FLSA claims, Plaintiff alleged in her Amended Complaint (Doc. No. 9) that Defendants refused to pay her commission for four loans she originated during her employment. (Doc. No. 9 at 10). To recover the owed commission, she brought a breach of contract claim, and, in the alternative, a quantum meruit claim.

After the lawsuit began, Defendants agreed to pay Plaintiff's share of commission on the four loans. (*See* Doc. No. 28-2). Plaintiff accepted payment. (*See* Doc. No. 40 at 10). Since Defendants paid and Plaintiff accepted the owed commission, these issues are moot. Therefore, the Court **DENIES** Defendant's Motion for Summary Judgment on Plaintiff's breach of contract and quantum meruit claims.[3]

### IV. Conclusion

For the aforementioned reasons, the Court **DENIES** Defendants BOK Financial Corporation and BOKF, N.A. d/b/a Bank of Texas' Motion for Summary Judgment. (Doc. No. 27).

Signed at Houston, Texas, this 6th day of January, 2023.

Andrew S. Hanen
United States District Judge

---

[3] The Court will take up a claim for legal fees and expenses after trial of the FLSA issues.

8