IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cori Alexandra Scherer; and )<br>All Others Similarly Situated )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>BOK Financial Corporation, and )<br>BOKF, N.A. d/b/a Bank of Texas )<br>    Defendants. )<br>) | | Civil Action<br>File No. 4:21-cv-00449<br><br>Jury Demanded |

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND DISMISSAL OF THIS LITIGATION WITH PREJUDICE AND SUPPORTING MEMORANDUM**

Plaintiff, for herself and on behalf of those allegedly similarly situated, has entered into a Release and Settlement Agreement with Defendants BOK Financial Corporation and BOKF, NA (hereafter collectively, for purposes of this litigation, "BOKF") that resolves this litigation. The executed Release and Settlement Agreement and incorporated Stipulation of Dismissal of the Litigation is attached hereto as Exhibit 1.

Plaintiff respectfully moves for an order approving settlement and release of claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b) and the Plaintiff's Stipulation of Dismissal. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In support, Plaintiff states as follows:

**I.    Legal Standard**

The FLSA is a remedial statute. As such, rights under the FLSA "cannot be abridged by contract or otherwise waived." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S.

728, 740 (1981). When employees file suit against their employer under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. *See Shockey v. Huhtamaki, Inc.*, 2012 WL 3562136 at *1 (D. Kan. Aug. 17, 2012) (citing, e.g., *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). To approve an FLSA settlement, the Court must find that the litigation involves a *bona fide* dispute and the proposed settlement is fair and equitable to all parties concerned. *See id.* at 1354.

## II. The Release and Settlement Agreement

The settlement reached by the parties provides for resolution of this litigation.

After extensive litigation, BOKF agreed to pay $42,500.00 to resolve the litigation and Plaintiff's claims of unpaid wages, liquidated damages, attorneys' fees, costs, *quantum meruit*, and breach of contract. The settlement sum resulted from the parties' arms-length negotiations; it is a fair compromise based upon Plaintiff's alleged damages; and, it is commensurate with Plaintiff taking into consideration the risk of a jury awarding her less at trial than the agreed upon settlement sum. As part of this settlement, Plaintiff has agreed to release all wage-and-hour claims that were or could have been asserted in this case, including but not limited to those arising under the FLSA and state law and to dismiss the litigation, which Plaintiff filed for herself and on behalf of those allegedly similarly situated, as detailed in the Release and Settlement Agreement attached as Exhibit 1.

## III. The Court Should Approve Plaintiff's Settlement and Dismiss Plaintiff's Claims, with Prejudice

The proposed settlement resolves a *bona fide* dispute between the parties. Plaintiff claimed that BOKF failed to pay Plaintiff and/or those similarly situated for all time worked. The Court denied Plaintiff's motion to certify a class of similarly situated

2

individuals. Additionally, BOKF raised various defenses, including correct payment of overtime and the outside sales exemption. The parties believe the settlement, as negotiated, is fair and equitable because after lengthy adversary proceedings with competent and experienced counsel on both sides, Plaintiff is receiving a fair amount of actual damages for (i) the claims that remained after the Court's ruling on Defendants' motion for summary judgment and (ii) the claims that Plaintiff is releasing in the attached Release and Settlement Agreement. *See, e.g.*, *Lynn's Food Stores*, 679 F.2d at 1354 (the Court should approve an FLSA settlement when it finds that the litigation involves a *bona fide* dispute and the proposed settlement is fair and equitable to the parties).

## IV. CONCLUSION

FOR ALL OF THESE REASONS, Plaintiff respectfully submits that the Release and Settlement Agreement and release of Defendants are the product of a *bona fide* dispute, are fair and equitable, and should be approved by the Court.

Plaintiff attaches a proposed order approving the parties' settlement. Plaintiff also attaches a Joint Stipulation of Dismissal with Prejudice.

Dated: January 8, 2023

                                                     Respectfully submitted,

                                                    **ALI S. AHMED, P.C.**

By:    */s/ Salar Ali Ahmed*
         **Salar Ali Ahmed**
         Federal Id No. 32323
         State Bar No. 24000342
         430 W. Bell Street
         Houston, Texas 77019
         Telephone: (713) 898-0982
         Email: aahmedlaw@gmail.com

         **Attorney for Plaintiff**
         **Cori Alexandra Scherer**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2023, a true and correct copy of the foregoing was served on Defendants' counsel, as follows:

*(Via ECF System for the District Courts of the Southern District of Texas)*
Ms. Erica Anne Dorwart
124 East Fourth Street
Tulsa, Oklahoma 74103-5010

/s/ *Salar Ali Ahmed*
**Salar Ali Ahmed**

Approved as to Form, Subject to Court Approval of the Settlement and Release Agreement, and its attached Stipulation of Dismissal of the Litigation by Plaintiff, for herself and on behalf of those allegedly similarly situated.

*Erica A. Dorwart*
Erica Anne Dorwart
FREDERIC DORWART, LAWYERS PLLC
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103-5010
(918) 583-9922 - Office
(918) 583-8251 – Facsimile
Email: edorwart@fdlaw.com

**Attorneys for Defendants**