**Exhibit - 1**

**RELEASE AND SETTLEMENT AGREEMENT**

This Release and Settlement Agreement ("Agreement") is entered into on this ____ day of January 2023, between and among Cori Scherer ("Scherer") and BOKF NA., for itself and on behalf of its divisions, subsidiaries, and affiliated companies, including, but not limited to BOK Financial Corporation, and all of their respective officers, employees, agents, representatives and business partners, (hereinafter all collectively "BOKF").

WHEREAS, Scherer filed a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et. Seq. (FLSA) alleging failure to pay wages and compensation for "off the clock" hours that Plaintiff failed to report to BOKF NA in the normal course, breach of contract for four particular commissions for loans that closed following Plaintiff's voluntary resignation and termination of employment, and quantum meruit for commissions on those four loans that closed following voluntary resignation and termination of employment.

WHEREAS, Plaintiff's motion for collective class [Doc. 021] was denied via order dated September 9, 2022 [Doc. 034].

WHEREAS, Plaintiff's claims for violation of the Fair Labor Standards Act, Texas Workforce Code 61, breach of contract, and quantum meruit and BOKF's defenses and BOKF's rights to remedies, including, but not limited to attorneys' fees to BOKF, are all collectively referred to as "Disputes".

WHEREAS, continuing with the Disputes, would be expensive, time consuming and complex, and the outcome of the Disputes are uncertain;



WHEREAS, the parties desire and have agreed to settle and compromise, without any determination or admission of liability, the Disputes and Remedies that either party has against the other.

WHEREAS, the parties desire and have agreed to settle and compromise, without any determination or admission of liability, the Disputes that the parties have and/or had against one another arising out of, or in any way related to, the claims asserted or which could have been asserted by Scherer and BOKF, against one another, arising out of, or in any way related to the Disputes and the Litigation.

WHEREAS, the parties acknowledge that the Court must approve this Release and Settlement Agreement.

NOW, THEREFORE, Scherer and BOKF, in consideration of the mutual covenants set forth herein, agree as follows:

(1)     Following proper execution of this Agreement by both parties and approval by the Court, the parties agree as follows.

(2)     The parties acknowledge that BOKF NA voluntarily made payment of commissions for the Four Loans which closed following Plaintiff's voluntary resignation and termination of employment on June 30, 2022, separate and apart from this release and settlement agreement, which eliminated Plaintiff's claims for breach of contract and quantum meruit in the First Amended Complaint. [Doc.009] (First Amended Complaint. See also, payment at [Doc. 028-002]. The Plaintiff has already stipulated to dismiss breach of contract and quantum meruit claims with prejudice as well as dismissal of BOK Financial Corporation with prejudice. .

CS

(3)   <u>Monetary Consideration</u>.  In consideration of, and in return for, the promises and covenants undertaken and the releases given:

a.      Subject to the Court's approval of this Settlement, Defendant agrees to pay Plaintiff Scherer the total gross sum of forty-two thousand five hundred dollars even ($42,500.00), which will be payable as follows:

i.      One check for fourteen thousand one hundred sixty six dollars and 67/100 ($14,166.67), less all applicable deductions made payable to Plaintiff Scherer for alleged lost wages and for which Plaintiff shall receive a W-2.

ii.     One check for twenty-eight thousand three hundred thirty three dollars and 33/100 ($28,333.33), made payable directly to the lawyer trust account of Ali S. Ahmed, PC for alleged non-wage damages (e.g. liquidated damages and/or interest and/or attorney's fees and costs), subject to a W-9 form from Plaintiff's counsel, for which an IRS Form 1099 shall issue.  Plaintiff and Plaintiff's counsel are solely responsible for allocation of this installment between and amongst Plaintiff and Plaintiff's counsel. Further, Plaintiff and Plaintiff's counsel shall, separately and independently, indemnify and hold harmless and defend Defendant against any claims regarding allocation of monetary consideration in Paragraph 3 and/or associated tax burdens for the monetary consideration in Paragraph 3.

b.      Defendant will deliver the checks identified in this Paragraph for delivery by way of Next Day Air (UPS or Federal Express) addressed to counsel for Plaintiff, Salar Ali Ahmed, within ten (10) days of the Court's order approving this settlement.

(4)   The parties agree that good and valuable consideration exists for this settlement.

CS

(5)     The parties each agree that each party shall bear the respective party's own fees and costs associated with the Disputes and the Litigation.

(6)     The parties agree that neither party will appeal any ruling of the Court made during the Litigation.

(7)     Scherer agrees to, file a Stipulation of Dismissal with Prejudice of the Litigation, including, all claims which were asserted or which could have been asserted by Scherer against BOKF. The agreed form of the Stipulation of Dismissal with Prejudice is attached hereto as Exhibit A.

(8)     The parties agree that the Agreement is not effective unless and until formally approved by the Court and the parties will make all reasonable efforts to obtain approval of the Settlement by the Court.

(9)     Scherer agrees to not apply for employment and/or any position with BOKF. Scherer agrees to provide "The Work Number" at 1-800-367-5690 or www.theworknumber.com for employment reference checks and/or credit checks. BOKF NA's code for the Work Number is 17672. The Work Number provides dates of employment and positions.

(10)    In consideration of the covenants and promises herein contained and in consideration of the execution of this Agreement, the parties hereby forever release, discharges and acquit one another from any and all claims, demands, liabilities, causes of action and obligations of every kind or nature which the parties may have had or now had against one another for any losses, injuries, damages or expenses, including attorney's fees and costs, whether anticipated or unanticipated, known or unknown, resulting from, arising out of or connected directly or indirectly with Scherer's prior employment with BOKF, termination



CS

of Scherer's employment with BOKF, BOKF's incentive plans, any BOKF Stock, and any post termination obligations of BOKF, if any, and all claims asserted and/or which could have been asserted by the parties against one another.

(11)     Scherer specifically releases BOKF of and from any and all claims or causes of action Scherer has or might have arising out of Scherer employment with BOKF. Scherer's release and waiver of claims includes, without limitation, claims arising under any applicable federal or state law, public policy, order or regulation, including, but not limited to, claims in any way related to Scherer's employment at BOKF and, in particular claims for employment discrimination and/or retaliation, arising under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act, as amended (ADEA); Chapter 21 of the Texas Labor Code; the Older Workers Benefit Protection Act; the Americans with Disabilities Act of 1990, as amended; Pregnancy Discrimination Act of 1978, an amendment to Title VII of the Civil Rights Act of 1964; the Equal Pay Act of 1963; Fair Labor Standards Act, as amended; Texas Payday Law; Chapter 61 of the Texas Labor Code; Executive Order 11246; the Employee Retirement Income Security Act of 1974, as amended; 42 U.S.C. §1981; 42 U.S.C. §1985, the Family and Medical Leave Act of 1993, as amended; 29 U.S.C. § 825, 42 U.S.C. §1985, Health Insurance Portability and Accountability Act; the Consolidated Omnibus Budget Reconciliation Act; and/or the state and/or local law counterparts to each of the laws and/or regulations set forth above, and all claims or causes of action have been asserted or could be asserted by Scherer against BOKF or any of its affiliates and each of their respective agents, officers, directors, and/or employees.

CS

CS

(12)  The parties to this Agreement acknowledge that the covenants made pursuant to this Agreement are made in compromise of disputed claims and are not to be construed as admission of any liability or responsibility for the disputed claims, or of the correctness of any of the claims made, and are made solely for the purpose of avoiding the continued expense and uncertainty of the Disputes and Litigation.

(13)  Each of the parties represents to the other that the signing party has carefully read this Agreement and understands its terms and conditions without reservation. Moreover, this Agreement has been negotiated and prepared at the mutual request, direction and construction of the parties, at arms' length, while each party was represented by the party's respective counsel and each party further understands that this is a full, complete and final release and settlement agreement and that Scherer is forever relinquishing and releasing any and all claims Scherer may have against BOKF. Scherer acknowledges that Scherer is aware that Scherer may hereafter discover facts or law different or in addition to the facts or law which Scherer now knows or believes to be true with respect to the dispute being settled by this Agreement, but that it is Scherer's intention to settle fully, finally, absolutely, and forever discharge any and all claims, disputes and differences which do exist, may exist or heretofore have existed against BOKF, and that in furtherance of such intention, this Agreement shall be and remain fully enforceable notwithstanding the discovery of any additional or different facts.

(14)  This Agreement constitutes the entire agreement of the parties and shall be binding on and inure to the benefit to the parties hereto and their respective successors and assigns.

CS

(15)     This Agreement and all documents and instruments executed in connection with or in furtherance of this Agreement may not be amended, modified or supplemented except by an instrument in writing signed by all parties hereto stating that it is an amendment hereto.

(16)     This Agreement may be signed in several counterparts (including but not limited to electronic means), but all counterparts taken together shall constitute a single document when executed by the parties. This Agreement should not constitute the agreement of the parties until such time as it has been properly executed by all parties.

(17)     Each party agrees to execute such additional documents, instruments and writings as may be necessary, proper, required, desirable or convenient for the purpose of fully effectuating the terms and provisions of this Agreement, including, but not limited to, documents dismissing the litigation with prejudice.

(18)     BOKF represents and warrants to Scherer that the individuals who have executed this Agreement have full legal authority to do so and are acting in the name of and on behalf of BOKF, and further that all lawful conditions precedent to this Agreement have been fully accomplished.

(19)     This Agreement is to be interpreted and enforced under the laws of the State of Texas without regard to any conflict of laws principles. Any suit filed to enforce any terms of this Agreement must be filed in federal court in the Southern District of Texas. In any suit filed to enforce any terms of this Agreement, the prevailing party shall be entitled to collect its reasonable costs and attorneys' fees (including court costs, reasonable fees of accountants and experts, and other expenses incidental to the litigation), including, but, not limited to,

CS

all attorney's fees and costs associated with the Disputes described herein and all attorneys' fees and costs in enforcing the settlement agreement from the other party.

(20)   By signing this Release and Settlement Agreement, Scherer hereby acknowledges and confirms:

    (a)   That Scherer will make all reasonable efforts to obtain approval of this Settlement by the Court;

    (b)   that Scherer was represented by counsel during the Litigation and that the parties have entered into this Agreement based upon the advice of respective counsel;

    (c)   that Scherer is over the age of 18 and is of sound mind;

    (d)   that Scherer is not under any duress and/or coercion; and

    (e)   that Scherer has read the foregoing Release and Settlement Agreement, understands it, and voluntary executes this Release and Settlement Agreement.

IN WITNESS WHEREOF, the parties have executed this Release and Settlement Agreement effective on the day indicated above.

IN WITNESS WHEREOF, Cori Alexandra Scherer, has to this, Scherer's Agreement, consisting of eight (8) sheets of paper, subscribed my name on this ___ day of January, 2023, and, for the purposes of identification, I have also placed my initials on the margin of each page.

Dated this __7__ day of January, 2023.        Cori Alexandra Scherer ("Scherer")

                                                    Signature



Executed this ___ day of January, 2023.

BOKF NA, for itself and on behalf of its divisions, subsidiaries, and affiliated companies, and each and every of their respective officers, employees, agents, representatives and business partners, (herein all collectively "BOKF").


_____

By:   Amber Bryant


Title: BOKF NA DIRECTOR of HUMAN RESOURCES OPERATIONS

# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is entered into on this 7th day of January 2023, between and among Cori Scherer ("Scherer") and BOKF NA., for itself and on behalf of its divisions, subsidiaries, and affiliated companies, including, but not limited to BOK Financial Corporation, and all of their respective officers, employees, agents, representatives and business partners, (hereinafter all collectively "BOKF").

WHEREAS, Scherer filed a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et. Seq. (FLSA) alleging failure to pay wages and compensation for "off the clock" hours that Plaintiff failed to report to BOKF NA in the normal course, breach of contract for four particular commissions for loans that closed following Plaintiff's voluntary resignation and termination of employment, and quantum meruit for commissions on those four loans that closed following voluntary resignation and termination of employment.

WHEREAS, Plaintiff's motion for collective class [Doc. 021] was denied via order dated September 9, 2022 [Doc. 034].

WHEREAS, Plaintiff's claims for violation of the Fair Labor Standards Act, Texas Workforce Code 61, breach of contract, and quantum meruit and BOKF's defenses and BOKF's rights to remedies, including, but not limited to attorneys' fees to BOKF, are all collectively referred to as "Disputes".

WHEREAS, continuing with the Disputes, would be expensive, time consuming and complex, and the outcome of the Disputes are uncertain;

DocuSign Envelope ID: 8F7B8AE2-88E9-4082-A7E9-1D6F3A2363F8

WHEREAS, the parties desire and have agreed to settle and compromise, without any determination or admission of liability, the Disputes and Remedies that either party has against the other.

WHEREAS, the parties desire and have agreed to settle and compromise, without any determination or admission of liability, the Disputes that the parties have and/or had against one another arising out of, or in any way related to, the claims asserted or which could have been asserted by Scherer and BOKF, against one another, arising out of, or in any way related to the Disputes and the Litigation.

WHEREAS, the parties acknowledge that the Court must approve this Release and Settlement Agreement.

NOW, THEREFORE, Scherer and BOKF, in consideration of the mutual covenants set forth herein, agree as follows:

(1)     Following proper execution of this Agreement by both parties and approval by the Court, the parties agree as follows.

(2)     The parties acknowledge that BOKF NA voluntarily made payment of commissions for the Four Loans which closed following Plaintiff's voluntary resignation and termination of employment on June 30, 2022, separate and apart from this release and settlement agreement, which eliminated Plaintiff's claims for breach of contract and quantum meruit in the First Amended Complaint. [Doc.009] (First Amended Complaint. See also, payment at [Doc. 028-002]. The Plaintiff has already stipulated to dismiss breach of contract and quantum meruit claims with prejudice as well as dismissal of BOK Financial Corporation with prejudice. .

DocuSign Envelope ID: 8F7B8AE2-88E9-4082-A7E9-1D6F3A2363F8

(3)    <u>Monetary Consideration</u>.  In consideration of, and in return for, the promises and covenants undertaken and the releases given:

a.    Subject to the Court's approval of this Settlement, Defendant agrees to pay Plaintiff Scherer the total gross sum of forty-two thousand five hundred dollars even ($42,500.00), which will be payable as follows:

i.    One check for fourteen thousand one hundred sixty six dollars and 67/100 ($14,166.67), less all applicable deductions made payable to Plaintiff Scherer for alleged lost wages and for which Plaintiff shall receive a W-2.

ii.    One check for twenty-eight thousand three hundred  thirty three dollars and 33/100 ($28,333.33), made payable directly to the lawyer trust account of Ali S. Ahmed, PC for alleged non-wage damages (e.g. liquidated damages and/or interest and/or attorney's fees and costs), subject to a W-9 form from Plaintiff's counsel, for which an IRS Form 1099 shall issue.  Plaintiff and Plaintiff's counsel are solely responsible for allocation of this installment between and amongst Plaintiff and Plaintiff's counsel. Further, Plaintiff and Plaintiff's counsel shall, separately and independently, indemnify and hold harmless and defend Defendant against any claims regarding allocation of monetary consideration in Paragraph 3 and/or associated tax burdens for the monetary consideration in Paragraph 3.

b.    Defendant will deliver the checks identified in this Paragraph for delivery by way of Next Day Air (UPS or Federal Express) addressed to counsel for Plaintiff, Salar Ali Ahmed, within ten (10) days of the Court's order approving this settlement.

(4)    The parties agree that good and valuable consideration exists for this settlement.

DocuSign Envelope ID: 8F7B8AE2-88E9-4082-A7E9-1D6F3A2363F8

(5)    The parties each agree that each party shall bear the respective party's own fees and costs associated with the Disputes and the Litigation.

(6)    The parties agree that neither party will appeal any ruling of the Court made during the Litigation.

(7)    Scherer agrees to, file a Stipulation of Dismissal with Prejudice of the Litigation, including, all claims which were asserted or which could have been asserted by Scherer against BOKF. The agreed form of the Stipulation of Dismissal with Prejudice is attached hereto as Exhibit A.

(8)    The parties agree that the Agreement is not effective unless and until formally approved by the Court and the parties will make all reasonable efforts to obtain approval of the Settlement by the Court.

(9)    Scherer agrees to not apply for employment and/or any position with BOKF. Scherer agrees to provide "The Work Number" at 1-800-367-5690 or www.theworknumber.com for employment reference checks and/or credit checks. BOKF NA's code for the Work Number is 17672. The Work Number provides dates of employment and positions.

(10)    In consideration of the covenants and promises herein contained and in consideration of the execution of this Agreement, the parties hereby forever release, discharges and acquit one another from any and all claims, demands, liabilities, causes of action and obligations of every kind or nature which the parties may have had or now had against one another for any losses, injuries, damages or expenses, including attorney's fees and costs, whether anticipated or unanticipated, known or unknown, resulting from, arising out of or connected directly or indirectly with Scherer's prior employment with BOKF, termination

DocuSign Envelope ID: 8F7B8AE2-88E9-4082-A7E9-1D6F3A2363F8

of Scherer's employment with BOKF, BOKF's incentive plans, any BOKF Stock, and any post termination obligations of BOKF, if any, and all claims asserted and/or which could have been asserted by the parties against one another.

(11)    Scherer specifically releases BOKF of and from any and all claims or causes of action Scherer has or might have arising out of Scherer employment with BOKF. Scherer's release and waiver of claims includes, without limitation, claims arising under any applicable federal or state law, public policy, order or regulation, including, but not limited to, claims in any way related to Scherer's employment at BOKF and, in particular claims for employment discrimination and/or retaliation, arising under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act, as amended (ADEA); Chapter 21 of the Texas Labor Code; the Older Workers Benefit Protection Act; the Americans with Disabilities Act of 1990, as amended; Pregnancy Discrimination Act of 1978, an amendment to Title VII of the Civil Rights Act of 1964; the Equal Pay Act of 1963; Fair Labor Standards Act, as amended; Texas Payday Law; Chapter 61 of the Texas Labor Code; Executive Order 11246; the Employee Retirement Income Security Act of 1974, as amended; 42 U.S.C. §1981; 42 U.S.C. §1985, the Family and Medical Leave Act of 1993, as amended; 29 U.S.C. § 825, 42 U.S.C. §1985, Health Insurance Portability and Accountability Act; the Consolidated Omnibus Budget Reconciliation Act; and/or the state and/or local law counterparts to each of the laws and/or regulations set forth above, and all claims or causes of action have been asserted or could be asserted by Scherer against BOKF or any of its affiliates and each of their respective agents, officers, directors, and/or employees.

(12)     The parties to this Agreement acknowledge that the covenants made pursuant to this Agreement are made in compromise of disputed claims and are not to be construed as admission of any liability or responsibility for the disputed claims, or of the correctness of any of the claims made, and are made solely for the purpose of avoiding the continued expense and uncertainty of the Disputes and Litigation.

(13)     Each of the parties represents to the other that the signing party has carefully read this Agreement and understands its terms and conditions without reservation. Moreover, this Agreement has been negotiated and prepared at the mutual request, direction and construction of the parties, at arms' length, while each party was represented by the party's respective counsel and each party further understands that this is a full, complete and final release and settlement agreement and that Scherer is forever relinquishing and releasing any and all claims Scherer may have against BOKF. Scherer acknowledges that Scherer is aware that Scherer may hereafter discover facts or law different or in addition to the facts or law which Scherer now knows or believes to be true with respect to the dispute being settled by this Agreement, but that it is Scherer's intention to settle fully, finally, absolutely, and forever discharge any and all claims, disputes and differences which do exist, may exist or heretofore have existed against BOKF, and that in furtherance of such intention, this Agreement shall be and remain fully enforceable notwithstanding the discovery of any additional or different facts.

(14)     This Agreement constitutes the entire agreement of the parties and shall be binding on and inure to the benefit to the parties hereto and their respective successors and assigns.

CS

DocuSign Envelope ID: 8F7B8AE2-88E9-4082-A7E9-1D6F3A2363F8

(15)   This Agreement and all documents and instruments executed in connection with or in furtherance of this Agreement may not be amended, modified or supplemented except by an instrument in writing signed by all parties hereto stating that it is an amendment hereto.

(16)   This Agreement may be signed in several counterparts (including but not limited to electronic means), but all counterparts taken together shall constitute a single document when executed by the parties. This Agreement should not constitute the agreement of the parties until such time as it has been properly executed by all parties.

(17)   Each party agrees to execute such additional documents, instruments and writings as may be necessary, proper, required, desirable or convenient for the purpose of fully effectuating the terms and provisions of this Agreement, including, but not limited to, documents dismissing the litigation with prejudice.

(18)   BOKF represents and warrants to Scherer that the individuals who have executed this Agreement have full legal authority to do so and are acting in the name of and on behalf of BOKF, and further that all lawful conditions precedent to this Agreement have been fully accomplished.

(19)   This Agreement is to be interpreted and enforced under the laws of the State of Texas without regard to any conflict of laws principles. Any suit filed to enforce any terms of this Agreement must be filed in federal court in the Southern District of Texas. In any suit filed to enforce any terms of this Agreement, the prevailing party shall be entitled to collect its reasonable costs and attorneys' fees (including court costs, reasonable fees of accountants and experts, and other expenses incidental to the litigation), including, but, not limited to,

all attorney's fees and costs associated with the Disputes described herein and all attorneys' fees and costs in enforcing the settlement agreement from the other party.

(20) By signing this Release and Settlement Agreement, Scherer hereby acknowledges and confirms:

(a) That Scherer will make all reasonable efforts to obtain approval of this Settlement by the Court;

(b) that Scherer was represented by counsel during the Litigation and that the parties have entered into this Agreement based upon the advice of respective counsel;

(c) that Scherer is over the age of 18 and is of sound mind;

(d) that Scherer is not under any duress and/or coercion; and

(e) that Scherer has read the foregoing Release and Settlement Agreement, understands it, and voluntary executes this Release and Settlement Agreement.

IN WITNESS WHEREOF, the parties have executed this Release and Settlement Agreement effective on the day indicated above.

IN WITNESS WHEREOF, Cori Alexandra Scherer, has to this, Scherer's Agreement, consisting of eight (8) sheets of paper, subscribed my name on this ___ day of January, 2023, and, for the purposes of identification, I have also placed my initials on the margin of each page.

Dated this ___ day of January, 2023.          Cori Alexandra Scherer ("Scherer")

_____
Signature

DocuSign Envelope ID: 8F7B8AE2-88E9-4082-A7E9-1D6F3A2363F8

Executed this 7th day of January, 2023.

BOKF NA, for itself and on behalf of its divisions, subsidiaries, and affiliated companies, and each and every of their respective officers, employees, agents, representatives and business partners, (herein all collectively "BOKF").

DocuSigned by:

*Amber Bryant*

FEA03525891E4DA

By: Amber Bryant

Title: BOKF NA DIRECTOR of HUMAN RESOURCES OPERATIONS

CS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Cori Alexandra Scherer; and** | ) | |
| **All Others Similarly Situated** | ) | **Civil Action** |
| **Plaintiffs,** | ) | **File No. 4:21-cv-00449** |
| | ) | |
| **v.** | ) | |
| | ) | **Jury Demanded** |
| **BOK Financial Corporation, and** | ) | |
| **BOKF, N.A. d/b/a Bank of Texas** | ) | |
| **Defendants.** | ) | |
| | ) | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

**To The Honorable U.S. District Judge Andrew S. Hanen:**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff Cori Alexandra Scherer, for herself and on behalf of all others similarly situated, on whose behalf Ms. Scherer filed this matter, and Defendants BOK Financial Corporation and BOKF, N.A. d/b/a Bank of Texas, file their joint stipulation of dismissal with prejudice, in consideration of a negotiated settlement agreement. The parties stipulate to dismiss all individual and class claims and the entire litigation, with prejudice, subject to the Court's approval of the parties' settlement.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ *Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Cori Alexandra Scherer**


**FREDERIC DORWART, LAWYERS PLLC**

Approved Subject to Court Approval of the
Settlement and Release Agreement:

/s/ *Erica Anne Dorwart*
Erica Anne Dorwart, OBA #18367
Admitted as of 6/21/2021
124 East Fourth Street
Tulsa, Oklahoma 74103-5010
Telephone: (918) 583-9960
Facsimile: (918) 583-8251
E-mail: edorwart@fdlaw.com

**Attorney for Defendants**
**BOK Financial Corporation and**
**BOKF NA, d/b/a Bank of Texas**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 8, 2023, a true and correct copy of the foregoing was served on Defendants' counsel, as follows:

*(Via ECF System for the District Courts of the Southern District of Texas)*
Ms. Erica Anne Dorwart
124 East Fourth Street
Tulsa, Oklahoma 74103-5010

/s/ *Salar Ali Ahmed*
**Salar Ali Ahmed**